UNITED STATES v. VILLARI, MITCHELL & CO.

UNITED STATES v. W. L. RATHBUN & CO. (two cases).

(Circuit Court of Appeals, Second Circuit. December 4, 1907.)

Nos. 26, 24, 25 (3,767, 3,762, 3,765).

1. CUSTOMS DUTIES—FRUIT IN PACKAGES—ALLOWANCE FOR DECAY—"DUTIABLE MERCHANDISE."

The rule that fruit imported in a rotten and wholly worthless condition does not constitute dutiable merchandise applies as well to fruit in packages as to fruit in bulk; and in the assessment of duty on fruit imported in packages allowance should be made for the decayed portions, even though not separated from the sound, but all being sold together at auction.

2. SAME—EVIDENCE—ESTIMATION OF DECAY—REPRESENTATIVE PACKAGES.

In proof of the amount of decay in an importation of fruit in packages, evidence was given as to the percentage of decay in certain sample packages which represented each of the lots in question, had been used as the basis of auction sales, and consisted of at least 10 per cent. of all the packages. Held, that the percentage thus shown for the sample packages might be taken as showing the amount of decay in the other packages also.

Appeals from the Circuit Court of the United States for the Southern District of New York.

In the Rathbun Cases there was no opinion below. The decision
in the Villari Case is reported in 147 Fed. 766. The Circuit Court
reversed a decision by the Board of United States General Appraisers
(G. A. 5,865; T. D. 25,843), which had affirmed the assessment of du-
ty by the collector of customs at the port of New York.

The importations in controversy consisted of oranges, lemons, limes, and
grape fruit, in boxes; each piece of fruit being wrapped separately in paper.
The collector imposed duty on the entire amount imported, without any allow-
ance for decay. The importers contended that such allowance should be made,
in accordance with the rule established by the decision of the Supreme Court
in Lawder v. Stone, 187 U. S. 281, 23 Sup. Ct. 79, 47 L. Ed. 178. It was there
held that the decay of fruit should not be considered a damage on account of
which duty should be abated only in case of abandonment under the provi-
sions of Customs Administrative Act June 10, 1890, c. 407, § 23, 26 Stat. 140
(U. S. Comp. St. 1901, p. 1930), but that it should be regarded rather as a
case of nonimportation by reason of which no duty could properly accrue.
In that case the fruit was imported in bulk and the decayed portion was in
the form of worthless, unmerchantable slush. The Board of General Apprais-
ers overruled the importers' contentions for the following reasons, as stated
in the board's opinion:

"SOMERVILLE, General Appraiser. The witnesses who testified at the hear-
ing before the board do not seem to have examined more than about 10 per
cent. of the packages covered by their invoices, and the percentages of the de-
cayed fruit out of the entire quantity of fruit which they did examine have
been loosely estimated as running in most cases from about 20 per cent. to
50 per cent. The injury done to the fruit by decay is spoken of as a damage,
and there is no pretense that these estimates are more than an approximation,
based upon the judgment of the witnesses as to the probable fractional part
of the importation actually spoiled or decayed. All the goods appear to have
been sold in original packages, and there was no separation of the fruit alleg-
ed to be decayed from that which was sound at the time the sale was con-
ducted. In this respect the present case differs widely from that of Lawder v.
Stone, supra. The court there found that a portion of pineapples had rotted
so as to become worthless slush, commercially valueless, condemned under
the sanitary regulations of the city of Baltimore, and dumped overboard. In
the case now before us it appears that in some instances the fruit brought
prices equivalent to the market price of sound fruit, and in other instances
somewhat less. On the whole, we cannot see that the testimony in the cases
under consideration differs greatly from that introduced in the Case of Max-
field & Co., G. A. 5,779 (T. D. 25,552), where we held that the importer had
failed to show with sufficient certainty and by satisfactory evidence the
quantity of merchandise, if any, which was so destroyed as to become value-
less, and that under the rule laid down by the Supreme Court in the Lawder
Case, 187 U. S. 281, 23 Sup. Ct. 79, 47 L. Ed. 178, the mere fact that the goods
were damaged so as to be merchantable to a less extent than sound fruit
would not, in our judgment, constitute a nonimportation. * * * We are,
moreover, of opinion that, where a deduction of duty is claimed for an alleged
nonimportation of goods, proof as to the amount of decay in one package out
of every ten is not sufficient to authorize the board in finding that a like per-
centage of loss occurred in other cases or packages which were not examined.
* * * In our judgment, the present cases fail to come within the principle
settled in the Lawder Case, supra; and the testimony, moreover, is too vague
to justify us in granting any relief in any instance."

On appeal to the Circuit Court additional evidence was taken, establishing
the percentage of decay in certain sample packages from each of the lots in ques-
tion, which packages had been selected as the basis of auction sales and consist-
ed of at least 10 per cent. of the packages in each lot. This evidence, together
with that taken by the Board of General Appraisers, showed the facts to be
the same as in Courtin & Golden v. U. S. (C. C.) 143 Fed. 551, and to resemble
the case of Stone v. Shallus, 143 Fed. 486, 74 C. C. A. 506, in that the fruit
was imported in packages, rather than in bulk, but differing from the latter

case in that there the decayed portions had been culled out, while here they were sold unseparated from the sound in the packages in which imported. The Circuit Court reversed the decision of the Board of General Appraisers, on the authority of the Courtin & Golden Case, supra.

D. Frank Lloyd, Asst. U. S. Atty.

Walden & Webster (Howard T. Walden, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The decisions of the Circuit Court are affirmed, upon the opinion of the Circuit Court of Appeals, Fourth Circuit, in Stone v. Shallus, 143 Fed. 486, 74 C. C. A. 506.